IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTIQ S. RASUL,**                    Case No. 1:17 CV 632

       Petitioner,                    Judge Christopher A. Boyko

       v.                    Magistrate Judge James R. Knepp, II

**CLARK SCOTT,**

       Respondent.                    REPORT AND RECOMMENDATION

## INTRODUCTION

*Pro se* Petitioner Antiq S. Rasul ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Clark Scott ("Respondent") filed an Answer (Doc. 11), and Petitioner filed a Reply (Doc. 18). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Doc. 5). For the reasons discussed below, the undersigned recommends the Petition be denied.

## FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Eighth District Ohio Court of Appeals set forth the following facts on direct appeal:

{¶ 2} Rasul was indicted for aggravated burglary, kidnapping, three counts of rape, and having weapons while under disability. Except for the weapons count, the other five counts were accompanied with a (1) three-year firearm specification, (2) notice of prior conviction, and (3) repeat violent offender specification for a prior conviction of felonious assault. Rasul waived a jury trial and was tried to the bench.

{¶ 3} At the bench trial, the victim A.J.'s testimony reflects that she met Rasul two months before the incident. The two engaged in consensual sexual activity on the day they met. Several weeks later, he came to her house, but she told him to return later because she was putting her daughter to bed at the time. The third time she had contact with Rasul was the day before the incident. She called him to seek help for paying an electricity bill. He indicated that he would come over; she expected him to show up sometime in the evening. She fell asleep while waiting for him. She awoke at 4:00 a.m. by Rasul's banging on the windows and door. He was holding a couple of beers in his hand.

{¶ 4} While he was outside, A.J. told Rasul that her family managed to help her with the electricity bill and that she did not want anyone in the house at that hour. Rasul said he wanted her and her daughter to move in with him. A.J. rebuffed the idea. She then went to use the bathroom, telling Rasul to stay outside where he was.

{¶ 5} When she came out of the bathroom, Rasul had entered the house. He went into her bedroom and wanted to lie down on the bed. A.J. would not allow it. Rasul told her to look at him. When she refused, Rasul slapped her and warned her he had a pistol on the side of the house. Rasul then forced her to remove her clothes and raped her vaginally. After that, he ordered A.J. to roll over and raped her anally. He then ordered her to give him a "blow job." Afterwards, A.J. told Rasul she needed to get some sleep. While lying on the bed, she shook uncontrollably. Rasul decided they should "go at it" again since he was not getting any sleep. He again raped her vaginally, anally, and forced her to perform oral sex on him. He told A.J. again she should come live with him. Before he left, he took her PlayStation video game system.

{¶ 6} After Rasul left, A.J. immediately went to her friend's house down the street. She called the police on the way there. (The 911 call was played at the trial.) The police arrived, and EMS transported her to MetroHealth Hospital, where a sexual assault kit was collected. Rasul's DNA matched the sample collected from the victim. These crimes were committed while Rasul was on community control in a prior burglary case.

{¶ 7} Rasul testified on his own behalf. He initially denied any sexual contact with the victim, but later admitted he had vaginal intercourse with her on the day of the incident. He denied engaging in anal sex with her despite the presence of his DNA in the victim's anal swabs.

{¶ 8} The trial court found Rasul guilty of all counts charged except for the having weapons while under disability count. The court also found him guilty of all accompanying specifications. The court imposed five years for Count 3 (vaginal rape), five years for Count 4 (rape by fellatio), and five years for Count 5 (anal rape), to be served consecutively. The court also imposed a concurrent term of three years for Count 1 (aggravated burglary). The trial court in addition sentenced him to a consecutive 18–month term for the community control sanctions violation. Rasul's term of incarcerations totaled 16 and a half years.

(Ex. 11, Doc. 11-1, at 60-62); *State v. Rasul*, 2015 WL 1377637, at *1-2 (Ohio Ct. App.) ("*Rasul I*").

### PROCEDURAL HISTORY

State Court Conviction

A Cuyahoga County Grand Jury indicted Petitioner in September 2013 on one count of aggravated burglary (Count 1), one count of kidnapping (Count 2), three counts of rape (Counts 3-5), and one count of having weapons while under disability (Count 6). (Ex. 1, Doc. 11-1, at 3-8). With the exception of the weapons while under disability charge, each count included a three-year firearm specification, notice of prior conviction specification, and repeat violent offender specification. *See id.* Plaintiff pleaded not guilty upon arraignment. (Ex. 2, Doc. 11-1, at 10). Prior to trial, Petitioner waived his right to a jury trial, and elected a bench trial. (Ex. 3, Doc. 11-1, at 11).

During the trial, Petitioner made a Rule 29 motion for judgment of acquittal, which the trial court granted in part (dismissing the weapons under disability charge), and overruled in part. (Ex. 4, Doc. 11-1, at 12). Petitioner renewed the motion at the end of trial, and the trial court again granted it in part (dismissing the firearm specifications), and denied it in part. *Id.*

The trial court found Petitioner guilty of aggravated burglary, kidnapping, three counts of rape, and the prior conviction and repeat violent offender specifications. (Ex. 5, Doc. 11-1, at 13). At sentencing, the parties agreed that Counts 2 (kidnapping) and 3 (rape) should merge for

purposes of sentencing, and the State elected to proceed on Count 3. (Ex. 6, Doc. 11-1, at 14). The trial court sentenced Petitioner to three years on Count 1 (aggravated burglary), and five years each on Counts 3-5 (rape). *Id.* at 15. The sentences on Counts 3-5 were to be served consecutively, but concurrent to the sentence on Count 1, for a total prison term of fifteen years. *Id.* The trial court also ordered the sentence be served consecutively to an eighteen month prison term in a separate case. *Id.*

Direct Appeal

In July 2014, Petitioner, through counsel, filed a timely notice of appeal with the Ohio Eighth District Court of Appeals. (Ex. 8, Doc. 11-1, at 18). In his brief, Petitioner raised two assignments of error:

1. The trial court committed error when it did not make separate findings to support the imposition of sentences in this case consecutive to the sentence imposed for the community control violation.

2. The trial court committed error when it made a finding neither that the consecutive sentences in this case were necessary to protect the public from future crimes nor that they were necessary to punish the offender.

(Ex. 9, Doc. 11-1, at 27). The state filed an opposition. (Ex. 10, Doc. 11-1, at 36-57). On March 26, 2015, the Ohio appellate court affirmed the judgment of the trial court, finding the trial court had satisfied its statutory duty with regard to Petitioner's sentences. (Ex. 11, Doc. 11-1, at 58-66); *Rasul I*, 2015 WL 1377637. Petitioner did not appeal this decision to the Ohio Supreme Court.

Application for Reopening

On June 18, 2015, Petitioner filed a *pro se* application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). (Ex. 12, Doc. 11-1, at 67-77). In the application, Petitioner asserted his appellate counsel was ineffective for failing to raise the following assignments of error:

1. The trial court erred in entering a conviction of 3 counts of rape, kidnapping and burglary which was based upon insufficient evidence, in derogation of

4

> Defendant's right to due process of law under the 14th Amendment to the United States Constitution.
>
> 2.  Trial court erred by allowing improperly admitted hearsay testimony.
>
> 3.  Trial court abused its discretion when it allowed misleading testimony of SANE nurse & DNA expert for the prosecution.
>
> 4.  Appellate counsel provided ineffective assistance under the 6th Amendment and 14th Amendment of the U.S.C.
>
> 5.  The trial court erred when it failed to comply with O.R.C. 2929.19(B)(2)(a) and (B)(2)(b) during the sentencing hearing.

*Id.* The state filed an opposition. (Ex. 13, Doc. 11-1, at 78-88). On January 15, 2016, the appellate court denied Petitioner's 26(B) application, finding Petitioner failed to establish ineffective assistance of appellate counsel. (Ex. 14, Doc. 11-1, at 89-100); *State v. Rasul*, 2016 WL 299222 (Ohio Ct. App) ("*Rasul II*").

Petitioner filed a timely appeal of this decision to the Ohio Supreme Court on February 29, 2016. (Ex. 15, Doc. 11-1, at 101). In his memorandum in support of jurisdiction, Petitioner set forth the same five assignments of error listed in his 26(B) application. *See* Ex. 16, Doc. 11-1, at 104.[1] On May 18, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Ex. 17, Doc. 11-1, at 129).

Post-Conviction Proceedings

On March 28, 2016, Petitioner filed a *pro se* motion for leave to file a post-conviction relief petition. (Ex. 18, Doc. 11-1, at 130-32). The trial court denied the motion on May 27, 2016. (Ex. 19, Doc. 11-1, at 133). Petitioner did not appeal this decision.

---

1. The only difference in the assignments of error in the two pleadings is that Petitioner only cited the Sixth Amendment in his fourth proposition of law to the Ohio Supreme Court, whereas he cited both the Sixth and Fourteenth Amendments to the appeals court. *Compare* Ex. 12, Doc. 11-1, at 74 *with* Ex. 16, Doc. 11-1, at 104, 114.

## FEDERAL HABEAS CORPUS

On March 16, 2017, Petitioner timely filed the instant habeas petition. (Doc. 1).[2] In it,

Petitioner raises seven grounds for relief:

**GROUND ONE:** Petitioner's conviction of 3 counts of rape, kidnapping and aggravated burglary was based upon insufficient evidence, in derogation of Defendant's right to due process of law under the 14th Amendment of the United States Constitution.

**GROUND TWO:** The trial court erred by admitting hearsay testimony.

**GROUND THREE:** The trial court abused its discretion when it allowed misleading testimony of SANE nurse & DNA expert for the prosecution.

**GROUND FOUR:** Appellate counsel rendered ineffective assistance under the 6th Amendment.

**GROUND FIVE:** The trial court erred by failing to comply with O.R.C. 2929.19(B)(2)(a) & (b).

**GROUND SIX:** Trial counsel provided ineffective assistance of counsel, in violation of Defendant's right to counsel, as protected by the 6th Amendment to the United States Constitution.

    I.      Failed to object to prosecutorial misconduct (bad character evidence).
    II.     Failed to object to prosecutor's misrepresentation of material evidence.
    III.    Failed to subpoena expert witness (Dr. Joan Papp)
    IV.    Failed to subpoena expert witness (EMS driver)
    V.     Failed to object to improper vouching.
    VI.    Failed to cross exam and properly impeach[] key witnesses.
    VII.   Agreed with the prosecutor that the victim's statements used to convict the Defendant, should not be admitted into evidence.
    VIII.  Failed to move for dismissal on lack of jurisdiction.
    [IX].   Failed to object to the prejudicial testimony of Detective Vowell.

---

2. Pursuant to the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 19 (representing that Petition was placed in the prison mailing system on March 16, 2017).

**GROUND SEVEN**: The state violated the Appellant's 14th Amendment due process rights to a fair trial when it used egregious prejudicial remarks expressing its personal belief and opinion.

    I.       Improper vouching by the prosecutor.

    II.      Prosecutor misrepresented material facts in evidence.

(Doc. 1, at 5-16).[3]

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean

---

3. Each of Petitioner's grounds for relief is also accompanied by a statement of supporting facts. *See* Doc. 1.

the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

DISCUSSION

Respondent asserts Petitioner's claims are non-cognizable, procedurally defaulted, or meritless. Specifically, Respondent asserts Grounds Two, Three, and Five are not cognizable claims on habeas review; Grounds One, Two, Three, Five, Six, and Seven are procedurally defaulted; and Ground Four fails on the merits. Respondent also alternatively argues Ground One fails on the merits.

In his Traverse, Petitioner expressly abandoned Grounds Two, Three, Six (VI), and Six (IX). (Doc. 18, at 11, 19, 24). With leave of court, Petitioner later re-asserted Ground Three. *See* Doc. 26 (Motion to Amend Traverse); Doc. 27 (Amendment to Traverse Ground III); Doc. 28 (Order granting Motion to Amend). Petitioner contends his claims are cognizable, he can show cause and prejudice to overcome any default, and his grounds have merit.

For the reasons discussed below, the undersigned recommends the Petition be denied.

<u>Non-Cognizable Claims</u>

Respondent contends Grounds Three and Five assert errors of state law, and thus are not cognizable on habeas review. The undersigned agrees.

A writ of habeas corpus will not issue unless a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For this reason, the Supreme Court has held that "it is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Sanbone v. Parker*, 629 F.3d 554, 575 (6th Cir. 2010). Generally speaking, therefore, alleged errors in the application of state evidentiary law are not cognizable as grounds for habeas relief. *Estelle*, 502 U.S. at 67-68. There is an exception for rulings that are so egregious as to "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (citing *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). "[T]he Supreme Court has defined 'very narrowly' the category of infractions that violates 'fundamental fairness.'" *Bey v. Bagley*, 500 F.3d 514, 522 (6th Cir. 2007) (quoting *Dowling v. United* States, 493 U.S. 342, 352 (1990)). Further, alleged errors in a state court's interpretation of its own sentencing statutes are not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).

In Ground Three, Petitioner argues the trial court abused its discretion in allowing allegedly misleading testimony from a SANE nurse and a DNA expert for the prosecution. (Doc. 1, at 7). In Ground Five, Petitioner contends the trial court did not comply with Ohio Revised Code § 2929.19(B)(2)(a) and (b), which require the trial court to: 1) notify the defendant if the prison term imposed is a mandatory prison term; and 2) include certain information in the sentencing entry. (Doc. 1, at 10). Each of these grounds is based on state law, and not grounded in federal constitutional principles. Petitioner has not demonstrated any error depriving him of a fundamentally fair trial. Further, even were these grounds to be found cognizable, they are both defaulted, as discussed in greater detail below.

Exhaustion & Procedural Default

Respondent next contends that Grounds One, Three, Five, Six, and Seven are procedurally defaulted. Petitioner responds that Grounds One through Five are not defaulted because he raised

9

them in his Application to Reopen, but concedes the default of Grounds Six and Seven. For the reasons discussed below, the undersigned recommends the court find Grounds One, Three, Five, Six, and Seven procedurally defaulted.

In order to seek a writ of habeas corpus in federal court, a petitioner must first satisfy the requirements of 28 U.S.C. § 2254(b)(1)(A), which states: "[a]n application for a writ of habeas corpus ... shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State". Exhaustion requires a petitioner to "fairly present" federal claims "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734–35 (6th Cir. 2011) (citing *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is to "alert[] [the state court] to the fact that the prisoner[ ] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (internal quotation marks omitted) (citations omitted). In order to accomplish this, a petitioner must fairly present the substance of his federal constitutional claims to the state courts before habeas relief. *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275). Hence, "a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts." *Id.* (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

Related to exhaustion is the concept of procedural default, which can occur in two ways. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim may be procedurally defaulted if a petitioner "fail[s] to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Id.* (quoting *O'Sullivan*, 526 U.S. at 848-47). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan*, 526 U.S. at 845, 848; *Hafley v. Sowders*, 902 F.2d

10

480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985). Additionally, "[i]f, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).

Hence, if a petitioner has failed to exhaust his state remedies and is barred from raising his claim by state law, his habeas claim is procedurally defaulted. *See O'Sullivan*, 526 U.S. at 848; *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009). One such bar is the doctrine of *res judicata*. Under Ohio law, *res judicata* bars petitioners from litigating claims that either could have or were fully litigated at trial or on direct appeal. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967)).

Second, a petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams*, 460 F.3d at 806. If a petitioner fails to comply with a procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. *Id.*; *see Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Sixth Circuit "has consistently held that Ohio's doctrine of res judicata is an 'adequate and independent' ground justifying default." *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006); *accord Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012).

In order to overcome procedural default, a petitioner must demonstrate both cause for the default and prejudice from the error. *Sutton v. Carpenter*, 745 F.3d 787, 790–91 (6th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991)). "Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present

affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren*, 440 F.3d at 764.

*Grounds One, Three, and Five*

In Ground One, Petitioner challenges the sufficiency of the evidence. In Ground Three, he challenges the trial court's admission of allegedly misleading testimony. In Ground Five, he challenges the trial court's application of a statutory state sentencing requirement. These claims are all based on the trial record and thus Ohio law required them to be raised on direct appeal. *See Seymour*, 224 F.3d 555 (citing *Perry*, 10 Ohio St. 2d 175); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (if all facts necessary to develop a claim were available on direct appeal, that claim must be presented on direct appeal, otherwise it will be barred by *res judicata*). Petitioner did not raise these claims on direct appeal *See* Ex. 9, Doc. 11-1, at 27 (raising two unrelated claims about the trial court's imposition of consecutive sentences). Petitioner would not be able to raise these claims now due to Ohio's *res judicata* rule. *See Perry*, 10 Ohio St. 2d 175. The Sixth Circuit has consistently held Ohio's doctrine of *res judicata* to be an independent and adequate state law ground barring habeas relief. *See, e.g., Lundgren*, 440 F.3d at 765. Therefore, Grounds One, Three, and Five are procedurally defaulted, and the Court may not consider them unless Petitioner shows cause and prejudice, or actual innocence to overcome the default.

As cause, Petitioner points to ineffective assistance of appellate counsel. A valid claim of ineffective assistance of appellate counsel may serve as cause to overcome a procedural default, if that ineffective assistance of counsel claim itself is also properly preserved. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000). To the Ohio courts, Petitioner argued counsel was ineffective for failing to raise the issues now presented in Grounds One, Three, and Five. *See* Ex. 12, Doc. 11-1, at 69, 72, 74 (assignments of error I, II, and V); Ex. 16, Doc. 11-1, at 107, 111, 114 (propositions

of law I, III, and V). Thus, Petitioner properly preserved his ineffective-assistance-of-appellate-counsel-as-cause claim. *See Edwards*, 529 U.S. at 451-53. Such an ineffective assistance claim, however, "can serve as cause for the procedural default of his other claims only if [the petitioner] can demonstrate that his appellate counsel was constitutionally ineffective." *Buell*, 274 F.3d at 351-52 (citing *Edwards*, 529 U.S. at 451). "To do so, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Contrary to Petitioner's argument, therefore, these underlying grounds are not preserved solely by virtue of being raised in his 26(B) application. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("[B]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct.").

For the reasons discussed below in the merit section addressing Petitioner's Ground Four—ineffective assistance of appellate counsel—Petitioner has not shown his counsel was constitutionally deficient or that he was prejudiced. Therefore, Petitioner also cannot show cause and prejudice to overcome his default of Grounds One, Three, and Five. As such, the undersigned recommends the court find these grounds procedurally defaulted.[4]

---

4. A petitioner may also overcome a procedural default by demonstrating that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.' " *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell,* 428 U.S. 465, 492-93 (1976)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not presented such evidence or argument here.

*Grounds Six and Seven*

In Ground Six, Petitioner alleges ineffective assistance of trial counsel for various reasons. In Ground Seven, he alleges prosecutorial misconduct. These claims are all based on the trial record and thus—as discussed above—Ohio law required Petitioner to raise them in his direct appeal. *See Seymour*, 224 F.3d 555 (citing *Perry*, 10 Ohio St. 2d 175); *Buell*, 274 F.3d at 349. Petitioner concedes the default, but asserts he can show cause and prejudice. *See* Doc. 18, at 7). Thus, the Court may only consider these claims if Petitioner can show cause and prejudice to overcome the default.

Although Petitioner asserts that "this failure to exhaust does not negate the fact that this habeas court could still address these claims being the petitioner can establish cause and prejudice for his default in multiple ways", he only points to ineffective assistance of appellate counsel as cause. (Doc. 18, at 7). As noted above, ineffective assistance of appellate counsel *may* serve as cause to excuse a procedural default, but only if that same claim, based on the same facts, has been presented to the state courts. *See Edwards*, 529 U.S. at 451-53. Petitioner here raised ineffective assistance of appellate counsel to the state courts, but not on the factual bases now asserted as Grounds Six and Seven. *See* Ex. 12, Doc. 11-1, at 67-77 (arguing appellate counsel was ineffective for different reasons). Therefore, this cannot serve as cause to overcome his default. *See Whiting*, 395 F.3d at 612 (to fairly present a federal claim to the state court, a petitioner must present both the factual and legal basis of the claim).

Therefore, the undersigned recommends the court find Grounds Six and Seven procedurally defaulted.

14

Merits

Ground Four of the Petition, asserting ineffective assistance of appellate counsel, was properly raised before the state courts, and is thus preserved for federal habeas review. *See* Ex. 12, Doc. 11-1, at 67-77; Exs. 15-16, Doc. 11-1, at 101-15.[5] Respondent cites the applicable law, quotes the state court opinion, and contends, without significant argument, that the decision is neither contrary to nor an unreasonable application of federal law. *See* Doc. 11, at 35-44. For the reasons discussed below, the undersigned recommends the court deny Ground Four on the merits.

To establish ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The deferential standards established by *Strickland* and § 2554(d) make habeas review of ineffective-assistance claims "doubly" deferential. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). When a case is governed by § 2254(d), "the question is not whether counsel's actions were reasonable ... [but] whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The Supreme Court further has held that a defendant is entitled to effective assistance of counsel in his first appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The two-part test enunciated in *Strickland* is applicable to claims of ineffective assistance of appellate

_____

5. In his Petition, Petitioner asserts appellate counsel was ineffective "when he failed to raise winning issues in the Petitioner's direct appeal". (Doc. 1, at 9). The undersigned liberally construes Petitioner's claim as asserting appellate counsel was ineffective for the same reasons Petitioner asserted in his Rule 26(B) motion. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* habeas petitioner entitled to liberal construction)

counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (.2000). Thus, Petitioner must demonstrate that appellate counsel's performance was deficient, and that the deficient performance so prejudiced the appeal that the appellate proceedings were unfair and the result unreliable. *Strickland,* 466 U.S. at 687.

An appellant has no constitutional right, however, to have every non-frivolous issue raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel, *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "[O]nly when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (internal quotation marks and citations omitted). It is also well settled that counsel cannot be considered ineffective for failure to pursue a meritless argument. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.") (citations omitted); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

Where, as here, the state court adjudicated an issue on the merits, that decision is entitled to AEDPA deference. *See Davie*, 547 F.3d at 313. In addressing this issue, the Ohio Court of Appeals cited the *Strickland* standard, and addressed each of Petitioner's allegations that his appellate counsel was ineffective. *Rasul II*, 2016 WL 299222, at *1. First, the court found counsel was not ineffective for failing to raise a sufficiency of the evidence claim:

### I. Sufficiency of Evidence

{¶ 6} The court, after a bench trial, found Rasul guilty of three counts of rape, one count of kidnapping, and aggravated burglary.

16

{¶ 7} In reviewing for sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The record contains sufficient evidence to support all of the convictions.

{¶ 8} First, Rasul claims there was insufficient evidence to prove he compelled the victim to submit by force or threat of force to three distinct acts of intercourse (fellatio, anal, and vaginal). The victim testified that he forced her to engage in these distinct acts multiple times. She testified that she felt forced to do so and believed that he had a gun located outside her home. The victim's testimony alone provides sufficient evidence, that if believed, would support the three rape convictions as well as the kidnapping conviction. Next, he believes the state presented insufficient evidence that he trespassed in the victim's home to cause physical harm to her. The victim testified that he entered her home without her permission, slapped her in the face, and raped her multiple times. The record contains evidence that, if believed, supports the aggravated burglary conviction.

{¶ 9} While Rasul challenges the credibility of the victim's testimony and believes the DNA evidence contradicts her allegations, that is not the proper standard of review to apply when examining the sufficiency of the evidence. When reviewing the sufficiency of the evidence, the appellate court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins,* 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

{¶ 10} Appellate counsel was not ineffective for declining to challenge the sufficiency of the evidence in the appeal. Rasul's first proposed assignment of error fails to present grounds for reopening the appeal.

*Rasul II*, 2016 WL 299222, at *1-2.

The standard for sufficiency of evidence is: "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. Consistent with the deference given to the trier of fact's resolution of conflicts in evidence, "a federal habeas corpus

court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson,* 443 U.S. at 326; *see also Walker v. Engle*, 703 F.2d 959, 969–70 (6th Cir. 1983).

The appellate court cited *State v. Jenks,* 61 Ohio St. 3d 259 (1991), a state case applying the *Jackson* standard. It then explained that "the victim testified that [Petitioner] forced her to engage in [three] distinct acts multiple times" and that she "felt forced to do so". *Rasul II*, 2016 WL 299222, at *2. Moreover, the court explained that the victim's testimony that Petitioner "entered her home without her permission, slapped her in the face, and raped her multiple times" supported the attempted burglary conviction. *Id.* The Sixth Circuit has "long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652, 658-59 (6th Cir. 2008) ("the Constitution does not require anything more than a credible eyewitness") (citing *United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."). Thus, as the Ohio appellate court held, "[t]he record contains sufficient evidence to support all of the convictions." *Rasul II*, 2016 WL 299222, at *2. The Ohio court's determination that appellate counsel was therefore not ineffective for failing to raise a sufficiency challenge on direct appeal is not contrary to, nor an unreasonable application of, federal law because counsel will not be found constitutionally ineffective for failing to raise a meritless claim. *See Jones*, 463 U.S. at 751-52; *Coley*, 706 F.3d at 752.

Next, the Ohio appellate court rejected Petitioner's contentions that counsel was ineffective for failing to raise objections to alleged hearsay testimony, and allegedly misleading testimony:

18

## II. Alleged Hearsay Testimony

{¶ 11} Rasul contends that the trial court erred by improperly allowing hearsay testimony. He cites to pages 133–135 of the trial transcript. However, the trial court sustained the defense counsel's objections to the testimony referenced in that portion of the transcript. Appellate counsel could not reasonably be expected to raise an assignment of error based on the trial court's ruling that sustained the defense's objection. Further, this case involved a bench trial. The court's ruling reflects the court's opinion that the subject testimony was inadmissible and, therefore, the court would not have considered or relied upon it to reach its verdict.

{¶ 12} Rasul does not present any evidence to support his broad contention that the court relied on any inadmissible hearsay to reach the verdict. In *State v. Kelly,* 8th Dist. Cuyahoga No. 74912, 2000 Ohio App. LEXIS 2907, 2000 WL 868498 (June 21, 2000), this court established that the mere recitation of assignments of error is not sufficient to meet the burden to prove that the applicant's appellate counsel was deficient for failing to raise the issues he now presents, or that there was a reasonable probability that the applicant would have been successful if the presented issues had been considered in the original appeal. *See also State v. Jones,* 8th Dist. Cuyahoga No. 99703, 2014–Ohio–4467; *State v. Hawkins,* 8th Dist. Cuyahoga No. 90704, 2009–Ohio–2246. The failure to present any cognizable argument with regard to the proposed assignments of error results in the failure to demonstrate that his appellate counsel was deficient and that he was prejudiced by the alleged deficiency. *State v. Freeman,* 8th Dist. Cuyahoga No. 95511, 2011–Ohio–5151.

{¶ 13} The second proposed assignment of error does not provide a basis for reopening the appeal.

## III. Alleged Misleading Testimony

{¶ 14} Rasul cites to various portions of the sexual assault nurse examiner's testimony and the testimony of the DNA forensic analyst. He then cites to three cases without any elaboration, explanation, or argument as to how these cases support his contentions that any of the subject testimony was admitted in error.

{¶ 15} For example, Rasul cites *In re J.P.,* 5th Dist. Licking No. 08–CA–148, 2009–Ohio–4730, which addressed an appeal by the state after the trial court had excluded certain DNA evidence and statements of a child victim that were made to a nurse practitioner. The Fifth District affirmed in part, reversed in part, and remanded. We cannot speculate as to how Rasul believes *In re J.P.* supports his contention that the trial court erred by allowing allegedly misleading statements of the sexual assault nurse examiner or the DNA expert in his trial. Similarly, the basis for Rasul's reliance on *State v. Lee,* 9th Dist. Summit No. 22262, 2005–Ohio–996, is unclear. In *Lee,* the Ninth District sustained the state's assignment of error and reversed the trial court's decision that had excluded statements made to a sexual

19

assault nurse practitioner. The court found the statements made to the nurse were nontestimonial and that the trial court erred by excluding them based upon a perceived confrontation clause violation. Finally, Rasul references *State v. Brewster*, 8th Dist. Cuyahoga No. 87701, 2007–Ohio–3407, and *State v. Durdin*, 10th Dist. Franklin No. 14AP–249, 2014–Ohio–5759. *Brewster* involved the admission of a social worker's hearsay testimony and an analysis of the sufficiency of the evidence upon remand from the Ohio Supreme Court. In the case cited by Rasul, our court found that the evidence was sufficient to support the conviction. In *Durdin*, the Tenth District analyzed the admission of a nurse's testimony for purposes of a determining whether its admission violated the defendant's confrontation clause rights.

{¶ 16} None of the cases that Rasul has cited involve any arguments challenging the admission of allegedly misleading testimony or evidence. Rasul has not alleged that the admission of the identified testimony violated his confrontation clause rights. He asserts that some of the SANE nurse's findings were contrary to the findings of the doctors who had examined the victim. This discrepancy was fully developed during cross-examination and was within the province of the trier of fact to resolve. Rasul has failed to present any law or argument that would support a finding that the admission of this testimony was improper or that the failure to raise an assignment of error on this ground resulted in ineffective assistance of counsel.

{¶ 17} The third proposed assignment of error does not satisfy the standard for reopening the appeal. Because the first, second, and third assignments of error fail to provide any basis for reopening the appeal, the fourth proposed assignment of error also fails.

*Rasul II*, 2016 WL 299222, at *2-4.

As noted above, Petitioner's underlying claims are non-cognizable. They are also not fairly presented, in that they were not raised as federal constitutional issues to the state courts.[6] To the state court, Petitioner presented arguments about the persuasiveness of, and inconsistencies within the SANE nurse's and DNA expert's testimony. (Ex. 12, Doc. 11-1, at 72-74; Ex. 16, Doc. 11-1, at 111-13). As the state appellate court reasonably pointed out, the inconsistencies between the

---

6. Petitioner expressly abandoned his underlying claim in Ground Two about the admission of alleged hearsay testimony. *See* Doc. 18, at 11. He presents no specific argument regarding ineffective assistance of appellate counsel on this basis in his Reply. *See id.* at 11-12. Regardless, the undersigned finds the state court determination on this issue—finding counsel was not ineffective for failing to raise this issue—is not contrary to, or an unreasonable application of *Strickland*.

SANE nurse's testimony and other evidence "was fully developed during cross-examination and was within the province of the trier of fact to resolve." *Rasul II*, 2016 WL 299222, at *3; *see also* Doc. 11-2, at 206-19 (cross-examination of nurse). Thus, the state court's determination that it was not ineffective assistance of appellate counsel not to raise this issue on direct appeal is not contrary to, or an unreasonable application of federal law. *See Jones*, 463 U.S. at 751-52; *Coley*, 706 F.3d at 752.

As to both the DNA expert and the SANE nurse's testimony, the state court found: "Rasul has failed to present any law or argument that would support a finding that the admission of this testimony was improper or that the failure to raise an assignment of error on this ground resulted in ineffective assistance of counsel." *Rasul II*, 2016 WL 299222, at *3. The DNA expert in this case was also extensively cross-examined. *See* Doc. 11-2, at 257-69. In support of Ground Three, the underlying claim, Petitioner argues that "the unredacted copy of the thumbprint verification letter dated April 1, 2013 would prove that not only did the SANE nurse lie on the stand in direct examination, but that her testimony should have been stricken from the record by the trial court." (Doc. 27, at 2-3). He also contends that the letter shows that, contrary to the DNA expert's testimony, "there were other DNA profiles found within the test." *Id.* at 4.[7] The undersigned previously granted Petitioner's request to expand the record with the redacted letter, as it was part of the state court record. *See* Doc. 19, at 5. The undersigned denied Petitioner's later request for discovery of the unreacted letter. *See* Doc. 23, at 3 (noting Petitioner had "not provided 'specific allegations before the court to show reason to believe that. . . [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'") (quoting *Bracy v. Gramley*,

---

7. Petitioner cites page 272 of the trial transcript. The prosecutor asked the DNA expert "[W]ith regard to the testing in this case, was there any male DNA profile found in any of this testing that you can say was not Antiq Rasul?", to which she responded "There was not." (Doc. 11-2, at 273).

520 U.S. at 908-09). However, Petitioner did not raise this factual claim to the state courts as a basis for ineffective assistance of appellate counsel. In his appellate brief, Petitioner alleged the testimony was misleading, summarized the evidence, and pointed out inconsistencies in the evidence. *See* Ex. 12, Doc. 11-1, at 72-74. Both the factual and legal basis for a claim must be presented to the state courts for a claim to be properly exhausted and not procedurally defaulted. *See Whiting*, 395 F.3d at 612.

Moreover, the letter at issue does not show what Petitioner contends it does. The introduction to the referenced letter reads: "Thumbprint verification has been completed on the below offender samples, which have hit to the following forensic specimens". *Id.* The referenced letter then appears to list four forensic specimens, one of which relates to Petitioner, and three of which are redacted. (Doc. 14-1, at 3). The letter does not state, nor has Petitioner demonstrated, that any of the three redacted specimens are related to his case, or contradict the DNA expert's (or the SANE nurse's) testimony. Further, even if it did, Petitioner could not show counsel was constitutionally ineffective on this basis. Counsel is not required to raise every issue on direct appeal. *Joshua*, 341 F.3d at 441. Where, as here, the court also had evidence in the form of testimony from the victim, it could be a reasonable tactical decision not to challenge the DNA expert's testimony, but rather to focus, as counsel did, on challenging the trial court's imposition of consecutive, rather than concurrent sentences.

Petitioner has failed to show his appellate counsel was constitutionally ineffective for failing to raise these issues, or that the state court decision so finding was contrary to, or an unreasonable application of federal law. This is particularly so under the "doubly" deferential standard of review applicable to such claims. *Knowles*, 556 U.S. at 123.

Finally, the Ohio appellate court addressed Petitioner's argument that appellate counsel was ineffective for failing to raise a challenge to the trial court's alleged non-compliance with Ohio Revised Code § 2929.19(B)(2)(a) and (b):

### IV. Non-compliance with R.C. 2929.19(B)(2)(a) and (B)(2)(b)

{¶ 18} In his final proposed assignment of error, Rasul contends that the trial court did not comply with R.C. 2929.19(B)(2)(a) and (b), which provide:

> (2)      Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
> (a) ___ Impose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term;
> (b)      In addition to any other information, include in the sentencing entry the name and section reference to the offense or offenses, the sentence or sentences imposed and whether the sentence or sentences contain mandatory prison terms, if sentences are imposed for multiple counts whether the sentences are to be served concurrently or consecutively, and the name and section reference of any specification or specifications for which sentence is imposed and the sentence or sentences imposed for the specification or specifications * * *.

{¶ 19} Rasul cannot establish an ineffective assistance of appellate counsel claim based on this alleged error. He has not argued or explained how counsel's failure to raise this as an assignment of error resulted in any prejudice to him. Courts that have addressed this error have determined that the proper remedy is limited by R.C. 2929.19(B)(7), which provides:

> The failure of the court to notify the offender that a prison term is a mandatory prison term pursuant to division (B)(2)(a) of this section or to include in the sentencing entry any information required by division (B)(2)(b) of this section does not affect the validity of the imposed sentence or sentences. If the sentencing court notifies the offender at the sentencing hearing that a prison term is mandatory but the sentencing entry does not specify that the prison term is mandatory, the court may complete a corrected journal entry and send copies of the corrected entry to the offender and the department of rehabilitation and correction, or, at the request of the state, the court shall complete a corrected journal entry and send copies of the corrected entry to the offender and department of rehabilitation and correction.

*See also State v. McFarland,* 7th Dist. Mahoning No. 15 MA 17, 2015–Ohio–4839, ¶ 22–23, citing *State v. Benitez–Maranon,* 9th Dist. Summit Nos. 26461 and 26659, 2014–Ohio–3575, and *State v. Ware,* 141 Ohio St.3d 160, 2014–Ohio–5201, 22 N.E.3d 1082, ¶ 10 (the proper remedy is to remand the matter to the trial court to provide the notification set out in R.C. 2929.19(B)(2)(a)).

{¶ 20} Even if this proposed assigned error has merit, Rasul cannot establish prejudice for the failure to raise it in the direct appeal because the remedy is limited to providing a corrected entry and does not affect the validity of the sentence or sentences that were already imposed. Appellate counsel has wide latitude and discretion in deciding which assignments of error to pursue in an appeal. *State v. Lowe,* 8th Dist. Cuyahoga No. 82997, 2005–Ohio–5986, ¶ 17. Counsel is not required to argue every conceivable assignment of error. *Id.*

{¶ 21} The fifth proposed assignment of error fails.

*Rasul II*, 2016 WL 299222, at *4-5.

Again, as noted above, Petitioner's underlying claim is not cognizable on habeas review. Further, even if it were, as the appellate court reasonably explained, Petitioner could not show *Strickland* prejudice from this alleged error. The Ohio court explained that the only remedy for failure to comply with these sentencing statute is a corrected journal entry. This court is bound by a state court's interpretation of state law. *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993). As noted above, "[o]nly when issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua*, 341 F.3d at 441. And Petitioner must show that allegedly deficient performance so prejudiced the appeal that the appellate proceedings were unfair and the result unreliable. Petitioner has not shown the outcome of his appeal would have been different had counsel raised this issue.

The state court decision that Petitioner's appellate counsel was not constitutionally ineffective (either due to failure to show deficient performance, or failure to show prejudice) is not contrary to, or an unreasonable application of, federal law. This is particularly so given the double deference applied to such claims. *Knowles*, 556 U.S. at 123. Moreover, because Petitioner's

24

ineffective assistance of appellate counsel claim fails on the merits, it cannot be used to excuse the default of any of the procedural defaults noted above.

CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be DENIED. Ground One is procedurally defaulted. Petitioner abandoned Ground Two. Ground Three is non-cognizable and procedurally defaulted. Ground Four fails on the merits. Ground Five is non-cognizable and procedurally defaulted. Petitioner partially abandoned Ground Six, but Ground Six in its entirety is procedurally defaulted. Ground Seven is also procedurally defaulted.

s/ James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).