# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTIQ RASUL, | ) | CASE NO. 1:17CV632 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DAVID W. GRAY, Warden,[1] | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Antiq S. Rasul's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF DKT #1). For the forthcoming reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Grounds One, Three, Five and Six as procedurally defaulted; **DISMISSES** as abandoned Ground Two; and **DENIES** Ground Four of Petitioner's Petition as failing on the merits.

## FACTS

As established by the Eighth District Court of Appeals of Ohio, the facts are as follows: at 4:00 in the morning on June 5, 2013, Petitioner came to the victim's home with a few beers in

---

[1] The new warden at Belmont Correctional Institution is David W. Gray. (https://drc.ohio.gov/beci, last accessed Sept. 30, 2019).

his hand and began banging on the victim's windows. The victim woke up and went to the door to talk to Petitioner and told him to stay outside while she used the bathroom. When the victim came back from the bathroom, she found Petitioner in the house. After telling the victim he had a gun outside, he proceeded to slap the victim and then rape her vaginally, anally and orally. When Petitioner could not sleep afterwards, he again raped the victim vaginally, anally and orally. Petitioner then left the victim's home at about 9:00 that morning.

The victim immediately went to her friend's house and called the police. The police came and EMS transported the victim to MetroHealth hospital. Hospital staff collected a sexual assault kit from the victim. Petitioner's DNA matched the sample collected from the victim. Petitioner testified on his own behalf at trial and eventually admitted that he had vaginal intercourse with the victim on the date of the incident. Petitioner denied engaging in anal sex with the victim despite the presence of his DNA in the victim's anal swabs. Petitioner committed these crimes while on community control from a prior burglary case. *Ohio v. Rasul*, 2015 WL 1377637 (8th Dist. Mar. 26, 2015) ("*Rasul I*").

Petitioner was charged with Aggravated Burglary, Kidnapping, Having Weapons while Under Disability and three counts of Rape. Petitioner waived a jury trial and tried the case to the bench. The trial judge found Petitioner Guilty of all Counts charged with Prior Conviction and Repeat Violent Offender specifications. The trial judge dismissed the Weapons Under Disability count and sentenced Petitioner to sixteen and a half years in prison.

Petitioner timely appealed his conviction in July of 2014, raising two Assignments of Error. On March 26, 2015, the Eighth District affirmed his conviction. *Rasul I*, 2015 WL 1377637. Petitioner did not appeal this decision to the Supreme Court of Ohio.

On June 18, 2015, Petitioner filed a *pro se* application to reopen his direct appeal based on a claim of ineffective assistance of appellate counsel pursuant to Ohio Appellate Rule 26(B). Petitioner asserted his appellate counsel was ineffective for failing to raise constitutional and evidentiary issues on appeal. The Eighth District denied Petitioner's 26(B) motion, finding that he failed to establish ineffective assistance of appellate counsel. *State v. Rasul*, 2016 WL 299222 (8th Dist. Jan. 15, 2016) ("*Rasul II*").

On February 29, 2016, Petitioner filed a timely appeal of this decision to the Supreme Court of Ohio, setting forth the same five assignments of error as listed in his Rule 26(B) application. On May 18, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.

On March 28, 2016, Petitioner filed a *pro se* motion for leave to file a post-conviction relief petition. The trial court denied his post-conviction relief petition on May 27, 2016. Petitioner did not appeal the trial court's decision.

On March 16, 2017, Petitioner timely filed this instant Petition for habeas relief. He raises seven grounds for relief:

> **Ground One:** Petitioner's conviction was based on insufficient evidence in derogation of Petitioner's right to due process of law under the Fourteenth Amendment;
>
> **Ground Two:** the trial court erred by admitting hearsay testimony;
>
> **Ground Three:** the trial court abused its discretion when it allowed misleading testimony from Sexual Assault Nurse Examiner (SANE nurse) and DNA expert;
>
> **Ground Four:** appellate counsel rendered ineffective assistance under the Sixth Amendment;
>
> **Ground Five:** the trial court erred by failing to comply with O.R.C. § 2929.19(B)(2)(a) & (b);
>
> **Ground Six:** ineffective assistance of trial counsel, as protected by the Sixth

> Amendment; and

> **Ground Seven:** the State violated Petitioner's Fourteenth Amendment due process rights when it used prejudicial remarks expressing personal beliefs.

(ECF DKT #1). On July 12, 2017, the Respondent filed his Return of Writ opposing all of Petitioner's grounds for relief in his Petition as non-cognizable, procedurally defaulted or without merit.

On October 30, 2018, the Magistrate Judge issued his Report and Recommendation. The Magistrate found that Petitioner's grounds for relief in his Petition were non-cognizable, procedurally defaulted or without merit. As such, the Magistrate recommended that the Court deny Petitioner's Petition. On November 26, Petitioner mailed his Objection to the Magistrate's Report and Recommendation, in which he only objected to the Magistrate's findings on Grounds Three and Four.

## **STANDARD OF REVIEW**

When a Federal habeas claim has been adjudicated by State courts, 28 U.S.C. § 2254(d) provides that the writ shall not issue unless the State decision (1) "resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has determined that a State court's decision is "contrary to" the Court's precedent if the State court arrives at a conclusion opposite of the Court on a question of law or if the State court confronts materially indistinguishable facts from relevant Supreme Court precedent and arrives at a result opposite to the Court's. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

In determining whether a State court has made an unreasonable application of clearly established Federal law, a Federal habeas court should "simply… ask whether the State court's application of clearly established Federal law was objectively unreasonable." *Id.* at 409.  As modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "§ 2254(d) dictates a highly deferential standard for evaluating State court rulings which demands that State-court rulings be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005).

Section 2254 mandates that "a determination of a factual issue made by a State court shall be presumed to be correct[ and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Additionally, a Petitioner must have exhausted all the remedies available to him in the State courts to be granted Federal habeas relief. *Id.* § 2254(b)(1)(A). This means that the Petitioner must raise both factual and legal claims to the State courts before trying to raise them in Federal court. *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). Finally, Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

**Ground Four – Ineffective Assistance of Appellate Counsel**

The Magistrate Judge recommended that the Court deny Petitioner's Fourth Ground for Relief because Petitioner has failed to show his appellate counsel was constitutionally ineffective for failing to raise issues on appeal or that the state court decision was contrary to, or an unreasonable application of, federal law.

To establish ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court additionally noted that counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

The Supreme Court has held that a defendant is entitled to effective counsel in his first appeal, *Evitts v. Lucy*, 469 U.S. 387, 396 (1985), and that the two-part test set forth in *Strickland* is applicable to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Petitioner must therefore show that his appellate counsel's performance was deficient and that the deficient performance prejudiced the appeal such that the appellate proceedings were unfair and the result unreliable.

While an appellant does have the right to effective appellate counsel, that appellant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the [appellant], if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The presumption of effective assistance of appellate counsel can only be overcome when "issues [not raised by counsel] are clearly stronger than those presented." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). The Sixth Circuit also held that "omitting meritless arguments is neither professionally unreasonable nor prejudicial," so counsel cannot be considered ineffective for failing to raise a meritless claim. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

The State courts adjudicated Petitioner's ineffective assistance of appellate counsel claim on the merits, so "AEDPA's deferential standard of review applies to that claim." *Davie v.*

*Mitchell*, 547 F.3d 297, 313 (6th Cir. 2008). In addressing Petitioner's claim, the Ohio Court of Appeals cited the *Strickland* standard for ineffective assistance of counsel and addressed each of Petitioner's allegations that his appellate counsel was ineffective. *Rasul II*, 2016 WL 299222, at *1-2.

      i.      <u>Sufficiency of the Evidence</u>

The appellate court found that counsel was not ineffective for failing to raise a sufficiency of the evidence claim, stating that:

> the victim's testimony alone provides sufficient evidence, that if believed, would support the three rape convictions as well as the kidnapping conviction … [and] the record contains evidence that, if believed, supports the aggravated burglary conviction. … Appellate counsel was not ineffective for declining to challenge the sufficiency of the evidence in the appeal.

*Id.* at *2.

The standard for sufficiency of evidence is: "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). The *Jackson* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts." *Id.* Consistent with this evidentiary deference, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326 (1979).

The appellate court cited a State decision applying the *Jackson* standard. *State v. Jenks*, 61 Ohio St. 3d 259 (1991). The court then explained that "the victim testified that [Petitioner] forced her to engage in [three] distinct acts multiple times" and that she "felt forced to do so." *Rasul II*, 2016 WL 299222, at *2. The court also explained that the victim's testimony that Petitioner "entered her home without her permission, slapped her in the face and raped her multiple times" supported the burglary conviction. *Id.*

The Sixth Circuit has "long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction. … [T]he Constitution does not require anything more than a credible eyewitness." *Tucker v. Palmer*, 541 F.3d 652, 658-59 (6th Cir. 2008). The victim's testimony, therefore, is "sufficient evidence to support all of the [Petitioner's] convictions." *Rasul II*, 2016 WL 299222, at *2.

The Court agrees with the Magistrate that the Ohio appellate court's determination that appellate counsel was not ineffective for excluding a sufficiency of the evidence challenge is not contrary to, nor an unreasonable application of, Federal law because counsel will not be found constitutionally ineffective for failing to raise a meritless claim. *See Jones*, 463 U.S. at 751-52; *Coley*, 706 F.3d at 752. The Magistrate found that Petitioner's claims were without merit in his Report and Recommendation. Based on *Coley*, appellate counsel cannot be considered ineffective for omitting meritless arguments. It follows that Petitioner's appellate counsel was not ineffective for deciding to exclude the arguments Petitioner suggested. Accordingly, the Court adopts and accepts the Magistrate's Report and Recommendation, and Ground Four of Petitioner's Petition is denied as meritless.

    ii.    <u>Misleading Testimony at Trial (Ground Three)</u>

The Ohio Court of Appeals rejected Petitioner's contentions that appellate counsel was ineffective for failing to raise objections to allegedly misleading testimony. *Rasul II*, 2016 WL 299222 at *2-4. Petitioner points to various portions of the sexual assault nurse examiner's ("SANE nurse") testimony and the testimony of the DNA expert, asserting that some of the SANE nurse's findings were contrary to the findings of the doctors who examined the victim. Regarding this allegedly misleading testimony, the appellate court held that "[t]his discrepancy was fully developed during cross-examination and was within the province of the trier of fact to resolve… [Petitioner] failed to present any law or argument that would support a finding that the admission of this testimony was improper." *Rasul II*, 2016 WL 299222 at *3.

The Court agrees with the Magistrate that the State court's determination that it was not ineffective assistance of appellate counsel to exclude this issue on direct appeal is not contrary to, or an unreasonable application of, Federal law. *See Jones*, 463 U.S. at 751-52; *Coley*, 706 F.3d at 752.

Petitioner argues that an unredacted copy of a letter from the DNA expert would prove that, contrary to the DNA expert's testimony, there were other DNA profiles found within the rape kit taken from the victim. The Magistrate had previously denied the Petitioner's request for an unredacted copy of this letter, noting that Petitioner had not provided "specific allegations before the court to show reason to believe that … [he] may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy v. Gramley*, 520 U.S. 889, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Petitioner never raised this factual claim to the State courts as a basis for ineffective assistance of appellate counsel and as such, he did not "exhaust[] all remedies available in the courts of the State" under § 2254(b)(1)(A). *See Whiting*, 395 F.3d at 612.

The Magistrate further described how the DNA expert's letter at issue does not show what the Petitioner contends it does. The letter shows four forensic specimens, one of which relates to Petitioner and three of which are redacted. Petitioner has not demonstrated that any of the three redacted specimens are related to his case or that they contradict the DNA expert's or SANE nurse's testimony. The effectiveness of counsel does not hinge upon raising every issue on direct appeal. *Jones*, 463 U.S. at 751. The Court agrees with the Magistrate that it could be a reasonable tactical decision not to challenge the DNA expert's testimony where, as here, the trial court also had evidence in the form of the victim's testimony. *See Strickland*, 466 U.S. at 690.

The deference required under *Strickland*, combined with the deferential standard established in § 2245(d), makes Federal habeas review of ineffective assistance of counsel claims "doubly" deferential to the State court's decision. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Further, "when § 2254(d) applies, the question is not whether counsel's actions were reasonable[, but] … whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Magistrate found that Petitioner has failed to show that his appellate counsel was constitutionally ineffective for failing to raise the sufficiency of evidence or misleading testimony issues or that the State court finding was contrary to or an unreasonable application of, Federal law. As such, ineffective assistance of appellate counsel cannot be used as cause to overcome the procedural default of his claim under Ground Three, as discussed below. Under the double deference set forth by *Strickland* and § 2254(d), the Court respects and defers to the State courts' decisions by accepting and adopting the Magistrate's Report and Recommendation.

      iii.      Procedural Default of Misleading Testimony Claim

Petitioner never raised the misleading testimony claim to the State courts as a basis for ineffective assistance of appellate counsel, which is required on direct appeal under Ohio law. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000). Ohio law does "not contemplate relitigation of those claims in postconviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom." *State v. Perry*, 10 Ohio St.2d 175, 182 (1967). By failing to raise the misleading testimony issue on direct appeal, Petitioner did not "exhaust[] all remedies available in the courts of the State" under § 2254(b)(1)(A), and Ohio's *res judicata* doctrine is an independent and adequate state law ground barring habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). Petitioner's claim is thus procedurally defaulted, unless he can show cause to overcome the default.

Petitioner alleges ineffective assistance of appellate counsel as cause for the procedural default of his misleading testimony claim. As demonstrated above, however, Petitioner's claim of ineffective assistance of counsel fails on the merits. Ineffective assistance of appellate counsel therefore cannot be used as cause for the procedural default.

**Petitioner's Objection –** ***Mapes*** **Factors**

Petitioner suggests that the Magistrate did not follow Sixth Circuit precedent by not explicitly addressing the eleven factors set out in *Mapes v. Tate* for assessing ineffective assistance of appellate counsel in a Federal habeas review. 388 F.3d 187, 191 (6th Cir. 2004). The *Mapes* factors are:

> 1. Were the omitted issues "significant and obvious"?
> 2. Was there arguably contrary authority on the omitted issues?
> 3. Were the omitted issues clearly stronger than those presented?
> 4. Were the omitted issues objected to at trial?
> 5. Were the trial court's rulings subject to deference on appeal?

> 6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
> 7. What was appellate counsel's level of experience and expertise?
> 8. Did the petitioner and appellate counsel meet and go over possible issues?
> 9. Is there evidence that counsel reviewed all the facts?
> 10. Were the omitted issues dealt with in other assignments of error?
> 11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Id.*

Petitioner sets forth the *Mapes* factors but does not allege which, if any, weigh in his favor. The Court finds that the Magistrate implicitly covered factors [1], [2], [3], and [11], which all weigh in favor of the effectiveness of Petitioner's appellate counsel. Additionally, with respect to factor [7], both attorneys listed as Petitioner's defense on appeal had been practicing for more than twenty years at the time of his appeal. The "issues omitted" at trial, factor [4], amount to the issues raised by Petitioner in his *pro se* appeal. *Rasul II*, 2016 WL 299222 at *1.

The issues that Petitioner alleges should have been raised at trial are: (1) that the trial court convicted him on insufficient evidence; (2) that the trial court improperly admitted hearsay testimony; (3) that the trial court abused its discretion in allowing misleading testimony by the SANE nurse or DNA expert; (4) that appellate counsel provided ineffective assistance under the Sixth and Fourteenth Amendments; and (5) that the trial court failed to comply with O.R.C. 2929.19(B)(2)(a)-(b). Issue (3), the misleading testimony, was discussed above. Issue (4), ineffective assistance of appellate counsel, was also discussed above. These issues were dealt with in other assignments of error and satisfy factor [10] of the *Mapes* factors. Petitioner's appellate counsel was not ineffective. The Magistrate addressed issue (5), and Petitioner does not object to the Magistrate's finding on that ground.

From the trial record (ECF DKT #11-2), issues (1) and (2) were not omitted at trial. Regarding issue (1), the trial court had sufficient evidence at trial to convict Petitioner, as discussed above. With respect to issue (2), each time hearsay testimony was about to be introduced at trial, Petitioner's defense objected to that testimony and the trial judge sustained those objections. (ECF DKT #11-2 at 85, 131, 135, 147, and 189). Effective appellate counsel would not raise issues on appeal that were ruled in Petitioner's favor at trial. With all of his alleged issues covered by the Magistrate or the trial record, *Mapes* factor [4] weighs against the ineffective assistance of Petitioner's appellate counsel.

It is well-recognized that an appellate court will defer to the trial court on evidentiary rulings, so factor [5] also weighs against ineffective assistance of appellate counsel. *See Jenks*, 61 Ohio St.3d at 273. There is no evidence relating to factors [6], [8] or [9]: that appellate counsel testified in a collateral proceeding as to his appeal strategy; that Petitioner and appellate counsel met to go over issues; or that appellate counsel reviewed all the facts. As Petitioner himself noted, however, the list of *Mapes* factors is not exhaustive and is not intended to "produce a correct score." *Mapes*, 388 F.3d at 191. The factors for which there is evidence, factors [1], [2], [3], [4], [5], [7], [10] and [11], all weigh against the ineffective assistance of Petitioner's appellate counsel.

While no correct score is intended to be produced, all of the *Mapes* factors for which there is evidence weigh against the ineffective assistance of Petitioner's appellate counsel. Since these factors are implicit in, or align with, the Magistrate's well-founded analysis in his Report and Recommendation, the Court adopts and accepts the Magistrate's Report and Recommendation.

**Certificate of Appealability**

In requesting a certificate of appealability, Petitioner cites *Slack v. McDaniel*, 529 U.S. 473 (2000). In *Slack*, the Supreme Court held that:

> when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.

*Id*. at 484. Petitioner's underlying constitutional claim is that he did not have effective assistance of appellate counsel under the Sixth Amendment. The Court reached Petitioner's constitutional claim, which fails on the merits. Jurists of reason would not find it debatable that Petitioner did not state a valid claim of the denial of a constitutional right. The Court reviewed Petitioner's claim of ineffective assistance of appellate counsel on the merits above and is not denying Petitioner's Petition on solely procedural grounds. Petitioner's cite to *Slack* is therefore inapplicable.

Under 28 U.S.C. § 1915, an appeal in forma pauperis may not be taken if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). A Petitioner for habeas relief, in which the detention complained of arises from a State court proceeding, may only appeal the Court's habeas decision if a certificate of appealability is issued under 28 U.S.C. §2253(c)(1). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). That certificate may only issue if the Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). Here, the constitutional right Petitioner alleges has been denied is the right to effective assistance of appellate counsel under the Sixth Amendment. As discussed above, Petitioner's appellate counsel did not render ineffective assistance. Since Petitioner has not made a substantial showing of the denial of a constitutional right, Petitioner is not entitled to a

certificate of appealability. The Court denies the certificate as is required by Rule 11 of the Rules Governing § 2254 Cases. Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation; **DISMISSES** Grounds One, Three, Five and Six as procedurally defaulted; **DISMISSES** as abandoned Ground Two; and **DENIES** Ground Four of Petitioner's Petition as failing on the merits.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing §2254 Cases.

**IT IS SO ORDERED.**

  s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: October 2, 2019**